## No. 121

ROGERS, Rec. v. ABBOTT & DAVID, Recs, et

No. 19557. Supreme Court

On motion to certify. Dock. Jan. 11, 1926; 4 Abs. 56.

313. CORPORATIONS—Is the ultra vires act of a corporation in borrowing money in a sum exceeding its capital stock in violation of 8705 GC., and in employing its means for a purpose other than to accomplish the legitimate objects of its creation void, or only voidable?

This action was originally begun in the Summit Common Pleas against The Portage Construction and Finance Company by one of the following lien holders: Gardner Abbott and William L. David, Receivers of The Cleveland Discount Company; The Midland Bank, Successor to Charles J. Forbes, Trustee; The Brown-Graves Company; The Herberich Realty Company; Jacob Ulmer and Joseph M. Berne, doing business as Ulmer and Berne; Charles Byers; Kelley Weiss; The Kinnear & Russell Plumbing and Heating Co.; M. H. Ram; L. Ram; M. H. Ram and L. Ram, doing business as Ram and Ram; and The Zindle Plumbing and Heating Company, for foreclosure and marshalling of liens, particularly upon three parcels of land improved by large apartment houses.

At the time of the transactions, upon which the claimed liens rest, the Portage Construction Co., now known, by reason of a change of its name, as the Portage Construction and Finance Co., was an Ohio corporation with a capital stock of $50,000, whose purpose clause read that it was incorporated for the purpose of "engaging in the general contract business." Thus incorporated and capitalized it purchased land, binding itself by deed of conveyance to use the land for the erection, as owner, of three large apartments, thereby becoming indebted for over $50,000 for the purchase price. Notes and mortgages were then executed for financing the erection of apartments, making its obligations amount to about $1,000,000.

The Common Pleas held the liens to be valid and awarded foreclosure to the lien claimants, which decree was affirmed by the Court of Appeals.

Rogers, as receiver, here contends:

1. That because the amount borrowed was so much greater than the borrowing limit prescribed by the statute, the corporation exceeded the limit prescribed upon its power in that behalf and hence that its attempted engagements thus in excess were void.

2. That since its purpose was that of a contracting company and these attempted engagements were in furtherance of activities wholly without that purpose they were entirely outside the powers of the corporation and, therefore, wholly void.

Attorneys—Gillum H. Doolittle, for Rogers, Slabaugh, Young, Seiberling, Huber & Guinther, Akron; and Ulmer & Berne, Cleveland, for Abbott and David, The Midland Bank, Trustee, The Midland Bank, Successor to Charles Forbes, Trustee and Ulmer and Berne; Carl M. Myers, Akron, for Brown & Graves; Burch, Bacon & Denlinger, Akron, for Byers; N. M. Greenberger, Akron, for Weiss; Fairall & Fairall, Akron, for Plumbing Co.

## No. 122

WALKER v. JOHNSON TRAN. CO

No. 19540. Supreme Court.

On motion to certify. Dock. Jan. 8, 1926; 4 Abs. 40.

144. BILL OF SALE—Will the non-compliance with 6310-4 GC., providing for the execution and delivery of a bill of sale upon the purchase of an automobile, invalidate such sale?

The Johnson Transportation Co. entered into a contract with W. E. Walker on October 7, 1924, whereby the Company agreed to sell to Walker an automobile for $600, the Company further agreeing to accept as part payment an automobile, which Walker represented to be a 1921 model, and $75 in cash. It is charged that in fact Walker's automobile was a 1919 model.

It is averred that after the exchange, the Company, upon discovering the misrepresentation, tendered back the automobile and the $75 and informed Walker that the sale was rescinded, because of the misrepresentations. Upon the consummation of the sale, Walker delivered a bill of sale to the Company but the Company failed to deliver to Walker a bill of sale for the car purchased. The Butler Common Pleas rendered judgment for the Company on the ground that there was no sale under 6310-4 GC., which judgment was confirmed by the Court of Appeals and Walker, in the Supreme Court contends that the Court erred in the following respects:

1. In concluding that title did not pass and that there was no sale because no bill of sale was given as required by statute.

2. In finding contrary to the admissions in the pleadings and evidence.

Attorneys—Clinton D. Boyd, for Walker; John A. Crist, for Company; both of Middletown.

## No. 123

STATE ex v. THISTLE DOWN CLUB

No. 19549. Supreme Court

Petition in Quo Warrants. Dock. Jan. 9, 1926; 4 Abs. 40.

The Attorney General alleges in the petition filed herein that the Thistle Down Jockey Club, Inc., is an Ohio Corporation; that it has acquired grounds and built structures for conducting meets, contests and races; that the Club has employed devices and apparatus for recording wagers on the outcome of horse races; in violation of the Constitution and statutes of Ohio; and that this practice will continue in the future unless prevented by the order and judgment of this court.

The prayer asks for a judgment of ouster and for the appointment of trustees to liquidate the affairs of the club.

Attorneys—C. C. Crabbe, H. H. Griswold, Wilbur E. Benoy, all of Columbus.